UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICKEY CLARK,

                Petitioner,

-against-                                  **OPINION & ORDER**
                                                          09-CV-3577 (SJF)
DALE A. ARTUS,

                Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.:

On September 8, 2004, a judgment of conviction was entered against petitioner Rickey Clark ("petitioner") in the Supreme Court of the State of New York, Suffolk County (Copertino, J.), upon a jury verdict finding him guilty of burglary in the second degree and possession of burglar's tools and imposition of sentence. On or about August 5, 2009, petitioner filed an application seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is respondent's motion to dismiss the petition as time-barred. For the reasons set forth herein, respondent's motion is granted and the petition is dismissed with prejudice.

I.      BACKGROUND

On September 8, 2004, a judgment of conviction was entered against petitioner in the Supreme Court of the State of New York, Suffolk County (Copertino, J.) ("the trial court"), upon a jury verdict finding him guilty of burglary in the second degree and possession of burglar's tools and imposition of sentence, as a second violent felony offender, to concurrent determinate terms of imprisonment of fifteen (15) years and one (1) year, respectively.

1

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("the Appellate Division") on the grounds, *inter alia*: (1) that the Supreme Court of the State of New York, Suffolk County (Mullen, J.) ("the hearing court") improperly denied his motion to suppress physical evidence recovered in plain view from his vehicle; (2) that the evidence was legally insufficient to establish his guilt of accomplice liability beyond a reasonable doubt; (3) that he was deprived of the effective assistance of trial counsel; and (4) that the sentence imposed was excessive.

By order dated November 28, 2005, the Appellate Division affirmed the judgment of conviction, finding, *inter alia*: (1) that the initial stop and inquiry of petitioner's vehicle were legal and that the police officer's use of a flashlight to illuminate the interior of the vehicle while he spoke to petitioner was neither a search nor an unreasonable intrusion; (2) that the evidence was legally sufficient to establish petitioner's guilt as an accomplice in the burglary beyond a reasonable doubt, notwithstanding that the other individual involved in the burglary was never apprehended; (3) that petitioner received meaningful representation from his trial counsel; and (4) that the sentence imposed was not excessive. People v. Clark, 23 A.D.3d 673, 804 N.Y.S.2d 426 (2d Dept. 2005). On March 14, 2006, the New York State Court of Appeals denied leave to appeal the order of the Appellate Division. People v. Clark, 6 N.Y.3d 832, 814 N.Y.S.2d 80, 847 N.E.2d 377 (2006). Thus, petitioner's judgment of conviction became final on June 13, 2006, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court. See Rule 13(1) of the Rules of the Supreme Court of the United States; 28 U.S.C. § 2101(d); Jimenez v. Quarterman, 129 S.Ct. 681, 685-686, 172 L.Ed.2d 475 (2009).

On September 8, 2006, petitioner moved to vacate his judgment of conviction and set aside his sentence pursuant to N.Y. C.P.L. §§ 440.10 and 440.30 ("the 440 motion") on the grounds that

the prosecutor failed to turn over Brady and Rosario material; that petitioner received ineffective assistance of counsel as a result of prosecutorial misconduct; and that the evidence was legally insufficient. By order dated December 14, 2006, the trial court denied petitioner's 440 motion without a hearing. By order dated April 12, 2007, the Appellate Division denied petitioner's application for leave to appeal the December 14, 2006 order.[1]

On September 6, 2007, petitioner filed an application for a writ of *error coram nobis* to vacate, on the ground of ineffective assistance of counsel, the Appellate Division's November 28, 2005 order affirming petitioner's judgment of conviction. By order dated November 20, 2007, the Appellate Division denied petitioner's application for a writ of *error coram nobis*, finding that petitioner had failed to establish that he was denied the effective assistance of appellate counsel. People v. Clark, 45 A.D.3d 776, 844 N.Y.S.2d 897 (2d Dept. 2007). On February 29, 2008, the New York State Court of Appeals denied leave to appeal the November 20, 2007 order of the Appellate Division. People v. Clark, 10 N.Y.3d 762, 854 N.Y.S.2d 324, 883 N.E.2d 1259 (N.Y. 2008).

On or about June 13, 2008[2], petitioner attempted to file a petition for a writ of habeas

---

[1] Although petitioner filed a subsequent motion in the trial court on or about March 1, 2007 pursuant to N.Y. C.P.L. §§ 440.10 and 440.20 and N.Y. C.P.L.R. §§ 1101 and 1102, in his reply to the People's opposition to that motion, petitioner admitted that his request for relief under Sections 440.10 and 440.20 were "untimely, duplicative, unsupported and/or improper," and was not supported by sworn allegations of fact, as required by N.Y. C.P.L. § 440.30(1). (Reply to Affirmation in Opposition [Reply], ¶ 2 (admitting to, *inter alia*, paragraphs 6 and 7 of the People's opposition)). Petitioner further indicated that the only relief he sought on that motion was to obtain a copy of the trial transcripts pursuant to Sections 1101 and 1102. (Id., ¶¶ 3, 6). Accordingly, that motion did not seek post-conviction relief or collateral review of his judgment of conviction. Compare Article 400 of the N.Y. C.P.L. (governing post-judgment motions) with Article 11 of the N.Y. C.P.L.R. (governing poor person status at any stage of a proceeding).

[2] Although the petition was verified on May 29, 2008, there is no affidavit of service and the postmark on the envelope from Clinton Correctional Facility indicates that the petition was not

corpus pursuant to Article 70 of the New York Civil Procedure Law and Rules in the Supreme Court of the State of New York, Clinton County ("the Clinton County Court") alleging that his detainment was illegal ("the state habeas proceeding"). However, on June 16, 2008, the Clerk of the Clinton County Court returned the petition to petitioner because it did not include an index number application, a request for judicial intervention or an application to proceed as a poor person. Petitioner re-filed the petition with the required documents, including an application to proceed as a poor person dated June 23, 2008. Although petitioner again failed to file an affidavit of service, the postmark on the envelope containing the re-filed petition indicates service was made on June 24, 2008.[3] Thus, there was no properly filed post-conviction proceeding pending in the Clinton County Court until June 24, 2008. The Clerk of the Clinton County Court received and docketed the properly-filed petition on June 25, 2008.

By judgment entered July 21, 2008, the state habeas court (Feldstein, J.) denied petitioner's application for a writ of habeas corpus. By order dated June 25, 2009, the Supreme Court of the State of New York, Appellate Division, Third Judicial Department ("the Third Department") affirmed the July 21, 2008 judgment finding, *inter alia*, that habeas relief was unavailable because the issues raised by petitioner could have been raised on direct appeal from his judgment of conviction or via a motion pursuant to Article 440 of the New York Criminal Procedure Law. People ex rel. Clark v. Artus, 63 A.D.3d 1455, 882 N.Y.S.2d 525 (3d Dept. 2009).

On or about August 5, 2009, petitioner filed a petition for a writ of habeas corpus pursuant

---

mailed until June 13, 2008.

[3] Indeed, since the application for poor person relief was not dated until June 23, 2008, that is clearly the earliest date on which petitioner could have properly filed his state habeas corpus petition.

4

to 28 U.S.C. § 2254 in this Court.[4] Petitioner raises the following issues in his petition: (1) that the plain view search of his vehicle was improper because "it was conducted without a particularized reason;" (2) that the evidence was legally insufficient to find him guilty of accomplice or accessorial liability because no "principal person" was ever apprehended; (3) that his trial counsel was ineffective for failing to move to set aside or modify the verdict pursuant to N.Y. C.P.L. § 330.30; and (4) that the sentence imposed was harsh and excessive. In addition, petitioner may be seeking to raise the same issues in this Court as he raised in the state habeas court. (See Petition, p. 15).

Respondent now moves to dismiss the petition as time-barred.

II. THE AEDPA

A petition for a writ of habeas corpus filed by a person in state custody is governed by, *inter alia*, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes a one (1) year statute of limitations for seeking federal habeas relief from a state-court judgment. 28 U.S.C. § 2244(d)(1); see Lawrence v. Florida, 549 U.S. 327, 331, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). Pursuant to the AEDPA, the limitations period runs

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual

---

[4] Although the petition was not actually filed until August 10, 2009, petitioner certified that he placed the petition in the prison mailing system on August 5, 2009. Thus, pursuant to the "prisoner mailbox rule," the petition was filed on August 5, 2009.

5

predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The limitations period is tolled during the pendency of "a *properly filed* application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). "An application is 'filed', as that term is commonly understood, when it is delivered to, *and accepted by*, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis added). "And an application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. (Emphasis in original). Thus, petitioner's state habeas petition was not properly filed until it was delivered to, and accepted by, the Clerk of the Clinton County Court, i.e., on June 24, 2008, pursuant to the prisoner mailbox rule.

The Supreme Court has held that the word "State" in Section 2244(d)(2) modifies both the term "post-conviction" and the term "collateral review." Duncan v. Walker, 533 U.S. 167, 172-174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Thus, the limitations period is not statutorily tolled during the pendency of a post-conviction proceeding in federal court, i.e., a federal habeas corpus proceeding. See, e.g. Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002). Moreover, "[s]tate review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists." Lawrence, 549 U.S. at 332, 127 S.Ct. 1079; see also Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009). In addition, "statutory tolling for the purposes of AEDPA ends with the 'filing' of the state court's final order, * * * [not when] [the petitioner] received notice of the state court's order." Saunders, 587 F.3d at 549 (citing Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir.

2000), superceded by statute on other grounds, see N.Y. C.P.L. § 450.90(1))). Thus, petitioner erroneously bases his calculation of the limitations period on the date the state court orders were served upon him.

"[P]roper calculation of Section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run." Bethea, 293 F.3d at 578 (internal quotations and citation omitted) (emphasis in original).

Here, the AEDPA limitations period was tolled from September 8, 2006 until April 12, 2007; from September 6, 2007 until February 29, 2008; and again from June 24, 2008 until June 25, 2009.[5] Even excluding those tolled time periods, the one (1) year statute of limitations expired on July 14, 2009. Specifically, eighty-six (86) days expired between the date petitioner's judgment of conviction became final and the date he filed his 440 motion; one hundred forty-six (146) days expired between the date the 440 motion was finally resolved in state court and the date petitioner filed his petition for a writ of error coram nobis; and one hundred fifteen (115) days expired between the date the error coram nobis proceeding was finally resolved in state court and the date petitioner *properly filed* the state habeas corpus proceeding. Accordingly, petitioner only had eighteen (18) days after the conclusion of his state habeas proceeding, or until July 14, 2009, within which to file his federal habeas petition. Since petitioner did not file the federal habeas petition until August 5, 2009, this proceeding is time-barred under the AEDPA.

Nonetheless, the limitation period may still be tolled for equitable reasons. See Rodriguez

---

[5] As previously noted, the motion filed by petitioner on March 1, 2007 did not seek post-conviction relief or review, only trial transcripts. Accordingly, the pendency of that motion did not toll the limitations period pursuant to Section 2244(d)(2).

v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence, 549 U.S. at 336, 127 S.Ct. 1079 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); see also Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (holding that equitable tolling is only available when the petitioner is prevented from timely filing by circumstances beyond his control and acted with reasonable diligence throughout the period he seeks to toll). Equitable tolling is available only in "rare and exceptional circumstance[s]," Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam)), "where the petitioner 'demonstrate[s] a causal relationship between the extraordinary circumstances. . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding.'" Id. (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). "The term 'extraordinary' does not refer to the uniqueness of the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" Id. at 232-232 (quoting Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008)).

None of the circumstances warranting equitable tolling are present here. Petitioner has not established, *inter alia*, that any extraordinary circumstance beyond his control prevented him from timely filing his habeas petition in this Court. To the contrary, the fact that petitioner was repeatedly able to timely file applications for post-conviction review and other relief in state court indicates that no such impediment existed. Accordingly, respondent's motion to dismiss the petition as time-barred is granted.

III. CONCLUSION

Respondent's motion to dismiss the petition is granted and petitioner's petition for a writ of habeas corpus is dismissed in its entirety with prejudice as time-barred. The Clerk of the Court is directed to enter judgment in favor of respondent, to close this case and to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the order to the *pro se* petitioner at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(a)(2), a certificate of appealability is denied, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. §2253.

SO ORDERED

Sandra J. Feuerstein
United State District Judge

Dated: April 1, 2010
Central Islip, New York

9